Robert D. Piliero (RP-6898)
**PILIERO & ASSOCIATES PLLC**
444 Madison Avenue, Fourth Floor
New York, NY 10022
Telephone: 646-854-1273
E-mail: piliero@pilierolaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**PEGGY WALTER INDUSTRIES, INC.,
d/b/a MARGARET WINTERS,**

                    **Plaintiff**

        **-against-**

**ASHWOOD, INC., d/b/a/ LULU-B,**

                    **Defendant**

_____

Index No.:__

**COMPLAINT and
DEMAND FOR JURY TRIAL**

        Plaintiff Peggy Walter Industries, Inc., d/b/a Margaret Winters ("Margaret

Winters"), by and through its undersigned counsel, asserts the following as its Complaint

against Defendant Ashwood, Inc., d/b/a Lulu-B ("Ashwood"), for injunctive relief and

damages for trade dress, trademark and copyright infringement, unfair competition, false

designation of origin under the laws of the United States and New York.

## PRELIMINARY STATEMENT

        1.      This action arises out of Ashwood's willful infringement of Margaret

Winters' valuable intellectual property rights.  Margaret Winters designs and

manufactures a line of sweaters having a combination of design elements that have come

to be known as the "Margaret Winters Look."  Through significant time, effort and

expense since as early as 2008, Margaret Winters developed the Margaret Winters Look into a successful and distinctive line of women's sweaters. The first sale of the Margaret Winters Look Sweaters was on or before September 1, 2009.

2.      Ashwood sells and distributes a line of sweaters known as the Lulu-B sweater line (hereinafter "Lulu-B Sweaters"). Certain Lulu-B Sweaters are virtually indistinguishable in appearance from the Margaret Winters Look Sweaters. Ashwood has blatantly copied and misappropriated the original, non-functional and distinctive elements of the Margaret Winters Look Sweaters, duplicating the silhouette, pocket placement, sleeves, neckline, fabric and overall look and feel of the Margaret Winters Look Sweaters. Below are photos of a Lulu-B Sweater and a Margaret Winters Look Sweater.



**Ashwood's Infringing Lulu-B Sweater**



**Margaret Winters Look Sweater**

3.      Ashwood is misappropriating Margaret Winters' intellectual property by passing off and selling a cheaper and inferior sweater compared to that sold by Margaret Winters.

4.      There has already been actual confusion in the marketplace, as customers of Margaret Winters have reported being confused by Ashwood into thinking that Lulu-B Sweaters were those that emanate from Margaret Winters.  In fact, actual confusion as to the source of the goods is precisely how Margaret Winters became aware of Ashwood's infringement.

5.      Today, Ashwood continues to illegally distribute clones of the Margaret Winters Look Sweater and wrongfully divert customers and revenue from Margaret Winters.

6.      Margaret Winters has patiently attempted to resolve the dispute with Ashwood, but Ashwood refuses to acknowledge its infringement of Margaret Winters' intellectual property.   Therefore, as a result of Ashwood's blatant and willful infringement and refusal to cease and desist, Margaret Winters has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Ashwood's: (a) trade dress infringement, trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (b) copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq.; and, (c) trade dress infringement, trademark infringement, unfair competition, deceptive acts and practices, palming off and misappropriate in violation of the New York State General Business Law §§ 349-350, 360.

## PARTIES

7.      Margaret Winters is a corporation in good standing organized and existing under the laws of New York, with its corporate headquarters and principal place of business at 752 West End Avenue, New York, New York, 10025.   Margaret Winters is the owner of and has been using various trademarks, copyrights and trade dress which are contained in the Margaret Winters Look Sweaters.

8.      On information and belief, Defendant Ashwood is a Florida corporation with its corporate offices at 1051 E. 10th Avenue, Hialeah, Florida 33010.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over in this action pursuant to 15 U.S.C. §§ 1114-1117, 1121 and 28 U.S.C. §§ 1121, 1331, 1332, 1338(a) and 1367.  This Court has personal jurisdiction over defendant Ashwood pursuant to CPLR §§ 301, 302, because Defendant does business and transacts business in New York, and has committed tortious acts both within and outside of New York.

10.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) and 1391(c) because Defendant transacts business in this District under a designation that infringes Margaret Winters' trademark, trade dress and copyrights.  In addition, Margaret Winters' principal place of business is located in this District; it has suffered harm in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

### THE MARGARET WINTERS LOOK SWEATER

11.      Margaret Winters designs, markets, and distributes premium quality, casual women's apparel.

12.      Founded in 2002, Margaret Winters launched its apparel business with a line of women's tops and sweaters, including the Margaret Winters Look Sweater line.

13.      Margaret Winters apparel line was an instant hit and it has continued to enjoy enormous success.

14.    Margaret Winters manufactures its apparel in the United States, an extreme rarity in the apparel business today.  Additionally, Margaret Winters owns a factory in New York City.

15.    Margaret Winters apparel is found in a significant number of stores nationwide.

16.    Margaret Winters has used, and continues to produce sweaters that incorporate the Margaret Winters Look, trademark, trade dress and copyrights.

**DEFENDANT ASHWOOD'S INFRINGING LULU-B SWEATER**

17.    On information and belief, Defendant Ashwood is a company that designs, manufactures, and sells low-priced, casual woman's apparel under various brands, including the Lulu-B brand. One of the products in that brand is the infringing Lulu-B Sweater, which is virtually identical and clearly studied copy of the Margaret Winters Look Sweater.

18.    On information and belief, Defendant's Lulu-B Sweater is sold throughout the United States, including to customers that are or were customers of Margaret Winters.

**THE LIKELIHOOD OF CONSUMER CONFUSION**

19.    Defendant's use of the intellectual property in the Lulu-B Sweaters for the identical product has already caused, and is likely to continue to cause, confusion in the minds of potential customers for the Margaret Winters Look sweaters. When consumers encounter Defendant's Lulu-B Sweaters, they will likely conclude that Defendant's sweaters are also designed, manufactured, and sold by Margaret Winters.

- 7 -

20**.**    Both Margaret Winters' and Defendant's sweaters are casual, sportswear style products that will be sold and merchandised in such a way that they are likely to be encountered by the same customers.  The products of the respective parties are competitive and offered for sale through channels of trade that are commonly visited by the same customer.

21.    On information and belief, Defendant knew of Margaret Winters' prior use of the intellectual property contained in the Margaret Winters Look Sweaters. Defendant's studied copying of non-functional trade dress, design and intellectual property of Margaret Winters demonstrates that the design of the Margaret Winters Look Sweaters has acquired a secondary meaning, and that Defendant intended to and did induce and, unless enjoined, will continue to induce, customers to purchase their products by trading off the extensive goodwill built up by Margaret Winters.

22.    Defendant's actions have already injured, and are likely to continue to injure, both the financial performance of Margaret Winters and its reputation in the industry.

23.    Defendant's unauthorized use of Margaret Winters' intellectual property as contained in the Margaret Winters Look Sweaters has resulted in lost sales opportunities for Margaret Winters due to a likelihood of confusion between Defendant's Lulu-B Sweaters and Margaret Winters Look Sweaters.

24.    Defendant's adoption of the Lulu-B Sweater for products that compete directly with Margaret Winters' products has resulted in irreparable harm to Margaret

- 8 -

Winters due to confusion among the consuming public and injury to Margaret Winters'
reputation.

25.     Defendant's conduct is continuing and will continue unless restrained by
the Court.  Unless Defendant is enjoined from engaging in the wrongful conduct
described above, Margaret Winters will suffer irreparable injury and further harm.
Margaret Winters has no adequate remedy at law.  In the alternative, Margaret Winters
has been damaged in an amount to be determined by the Court.

## FIRST CLAIM FOR RELIEF

### (FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(A))

26.     Margaret Winters incorporates by reference paragraphs 1 through 25 above
as though fully set forth herein.

27.     The Defendant's unauthorized use in commerce of the infringing Lulu-B
Sweater trademark and trade dress described above is likely to cause confusion, or to
cause mistakes, or to deceive and therefore constitutes infringement of Margaret Winters'
trademarks and trade dress under Section 32 of the Lanham Act, 15 U.S.C. § 1125(a).

28.     Upon information and belief, Defendant has committed the foregoing acts
of infringement, including its studied copying of non-functional design elements of the
Margaret Winters Look Sweater which has acquired secondary meaning in the industry,
with full knowledge of Margaret Winters' prior rights in the Margaret Winters Look

Sweater trademark and trade dress and with the willful intent to cause confusion and trade upon Margaret Winters' goodwill.

29.     The Defendant's wrongful acts will permit Defendant to make substantial sales and profits on the strength of Margaret Winters' success, goodwill, and consumer recognition.

30.     As a direct and proximate result of the Defendant's wrongful conduct, Margaret Winters will be deprived of the value of, among other things, its Margaret Winters Look Sweater Trademarks and Trade dress as commercial assets.

31.     As a direct and proximate result of Defendant's wrongful conduct, Margaret Winters has been damaged by Defendant's wrongful acts, and such damage will continue unless the Court enjoins Defendant's acts.

## SECOND CLAIM FOR RELIEF

### (FEDERAL UNFAIR COMPETITION, FALSE ENDORSEMENT AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A))

32.     Margaret Winters incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33.      Defendant's unauthorized use in commerce of the infringing Lulu-B Sweater trademarks and trade dress, as alleged herein constitutes false designation of origin and misleading description and representation of fact.

34.      Defendant's conduct as alleged herein has caused, is intended to cause and is likely to continue to cause, confusion, mistake or deception as to the origin, source, sponsorship or affiliation of the Defendant's goods.

- 10 -

35.     Defendant's conduct as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

36.      Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Margaret Winters, and to its goodwill and reputation, and will continue to both damage Margaret Winters and confuse the public unless enjoined by the Court.  Margaret Winters has no adequate remedy at law.

37.      Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action together with prejudgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF

### (FEDERAL TRADE DRESS DILUTION AND TARNISHMENT UNDER 15 U.S.C. § 1125(C)

38.     Margaret Winters incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39.     The trade dress of the Margaret Winters Look Sweater is non-functional, famous, inherently distinctive and has acquired a secondary meaning within the meaning of the Lanham Act.  By copying the total image and overall impression of the Margaret Winters Look Sweater, Defendant has intentionally copied, diluted and tarnished Margaret Winters' trade dress.

40.     The acts of the Defendant described above are tarnishing Margaret Winters' trademark and trade dress by selling goods of an inferior quality as compared to products of Margaret Winters in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1127.

41.     As alleged above, Margaret Winters has sold Margaret Winters Look Sweaters of a premium quality for many years under its trademark and trade dress and Margaret Winters is known in the marketplace as a purveyor of apparel of the highest quality.  Defendant's products are inferior in quality and its sale under the Lulu-B trademark and trade dress is serving to tarnish Margaret Winters' reputation and good will as a producer of quality merchandise.

42.     In addition, Defendant is selling product bearing Margaret Winters Look Sweater trademark and trade dress through retailers known for selling product of lower quality and cheaper prices than the distribution channels through which Margaret Winters customarily sells its premium quality product.

43.     As a direct and proximate result of Defendant's wrongful conduct, Margaret Winters has been damaged by Defendant's wrongful acts, and such damage will continue unless the Court enjoins Defendant's acts.

**FOURTH CLAIM FOR RELIEF**

**(DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF
NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350)**

44.     Margaret Winters incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45.     The acts of the Defendant described above have already misled and are likely to continue to mislead the general public and therefore constitute unlawful and deceptive business practices under New York General Business Law, section 349.

46.     The acts of false and misleading advertising by the Defendant described above are unlawful under New York General Business Law, section 350.

47.     Through their importation, distribution, offer to sell, and sale of infringing products bearing Margaret Winters' trademark and trade dress, the Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

48.     The Defendant's deceptive acts or practices, as described herein, are materially misleading.  Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendant has directed their marketing activities and Margaret Winters has been injured thereby.

49.     By the acts described above, the Defendant has willfully engaged in deceptive acts or practices in the conduct of business and selling of goods in violation of Section 349 and 350 of the New York General Business Law.

**FIFTH CLAIM FOR RELIEF**

**(TRADEMARK INFRINGEMENT IN
<u>VIOLATION OF NEW YORK COMMON LAW)</u>**

50.     Margaret Winters incorporates by reference paragraphs 1 through 49 above as though full set forth herein.

51.     Margaret Winters owns all right, title and interest in and to the Margaret Winters Look Sweater trademark and trade dress as described herein, including all common law rights in the Margaret Winters Look Sweater trademark and trade dress.

52.     The products sold by the Defendant incorporate copies of Margaret Winters' common law trademark and trade dress.  The Defendant's use of the Margaret Winters Look Sweater trademark and trade dress is unauthorized, and is likely to cause consumer confusion.

53.     By the acts described above, the Defendant has engaged in trademark infringement in violation of the common law of the State of New York.

54.     The Defendant's acts have caused, and will continue to cause, irreparable injury to Margaret Winters.  Margaret Winters has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

## (UNFAIR COMEPTITION IN VIOLATION OF NEW YORK COMMON LAW)

55.     Margaret Winters incorporates by reference paragraphs 1 through 54 above as though fully set forth herein.

56.     The Defendant has palmed off their goods as those of Margaret Winters, improperly trading upon Margaret Winters' goodwill and valuable rights in and to the Margaret Winters Look Sweater trademark and trade dress.

57.     The Defendant committed the above alleged acts, willfully, and in conscious disregard of Margaret Winters' rights, and Margaret Winters is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter, and make an example of the Defendant.

58.     By the acts described above, the Defendant has engaged in unfair competition in violation of the common law of the State of New York.

59.     The Defendant's acts have caused and will continue to cause irreparable injury to Margaret Winters.  Margaret Winters has no adequate remedy at law and is thus damaged in an amount yet to be determined.

## SEVENTH CLAIM FOR RELIEF

## (FEDERAL COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 106 *ET SEQ.* AND 501)

60.     Margaret Winters incorporates by reference paragraphs 1 through 59 above as though fully set forth herein.

61.  This claim for relief arises under the Copyright Act of 1976, Title 17 United States Code § 101 et seq.

62.     The Defendant intentionally copied the Margaret Winters Look Sweater elements, silhouette, visual presentation and total concept when producing the Lulu-B Sweater.  The Defendant's Lulu-B Sweater is substantially similar to the Margaret Winters Look Sweater.

- 15 -

63.     Margaret Winters Look Sweaters are wholly original, creative designs that constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.* Margaret Winters owns the exclusive rights and privileges in and to the above referenced copyrighted works.  At all relevant times, Margaret Winters has owned all applicable rights, titles and interest in and to these copyrighted works.

64.     By its actions alleged above, the Defendant has infringed and will continue to infringe Margaret Winters' copyrights in the Margaret Winters Look Sweater by, inter alia, copying, publicly displaying, and distributing Defendant's Lulu-B Sweater, which are substantially similar to and copied from the Margaret Winters Look Sweater, without any authorization or other permission from Margaret Winters.  The Defendant has violated Margaret Winters' exclusive rights under 17 U.S.C. § 106.

65.     On information and belief, the Defendant's infringement of Margaret Winters' copyrights has been deliberate, willful and in utter disregard of Margaret Winters' rights.

66.     The Defendant has realized unjust profits, gains and advantages as a proximate result of its infringement, and will continue to realize unjust profits, gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

67.     As a direct and proximate result of the Defendant's willful copyright infringement, Margaret Winters has suffered, and will continue to suffer actual damages. Margaret Winters is entitled to its actual damages and any gains, profits, and advantages obtained by the Defendant as a result of its acts of infringement.

68.     Margaret Winters has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, and the Defendant will continue to engage in their wrongful conduct and Margaret Winters will continue to suffer irreparable injury that cannot be adequately remedied at law unless the Defendant is enjoined from engaging in any further such acts of infringement.

**WHEREFORE,** Margaret Winters prays for the following relief:

1.     That the Court preliminarily and permanently enjoin Defendant, Ashwood, and its shareholders, directors, officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from using the Margaret Winters Look Sweater trademark, trade dress and copyrights or any other designation similar to or likely to cause confusion with the Margaret Winters Look Sweater trademark, trade dress and copyrights, in the sale, offering for sale, distribution, advertising, or promoting of apparel at any locality; from passing Defendant's products as being associated with Margaret Winters and from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Margaret Winters.

2.     That following trial of this action, the Court enter final judgment as follows:

(a)     That the Court issue a permanent injunction enjoining Defendant, its shareholders, directors, officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from using the Margaret Winters Look Sweater trademark, trade dress or copyrights or any other

designation similar to or likely to cause confusion with Margaret Winters Look Sweater trademark, trade dress and copyrights, in the sale, offering for sale, distribution or promoting of apparel at any locality; from passing Defendant's products as being associated with Margaret Winters and from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Margaret Winters.

(b)     That the Court award Margaret Winters the profits made by the Defendant and the actual damages suffered by Margaret Winters as a result of Defendant's unlawful conduct, in an amount to be proven at trial.

(c)     That the Court grant Margaret Winters any other remedy to which it may be entitled, including all remedies provided for in Federal trademark and copyright law and under New York law.

(d)     That the Court award such other relief as it deems just and proper.

Dated:  New York, New York                **PILIERO & ASSOCIATES PLLC**
              September 30, 2015


                                                    By:     */s/ Robert D. Piliero*
                                                            Robert D. Piliero (RP-6898)
                                                            444 Madison Avenue, Fourth Floor
                                                            New York New York 10022
                                                            Tel: 646.854.1273
                                                            E-mail: Piliero@pilierolaw.com
                                                            *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6,

Margaret Winters demands a trial by jury.

Dated:  New York, New York                        **PILIERO & ASSOCIATES PLLC**
          September 30, 2015

                                          By:     *_/s/ Robert D. Piliero_*
                                               Robert D. Piliero (RP 6898)
                                               444 Madison Avenue, Fourth Floor
                                               New York New York 10022
                                                 Tel: 646.854.1273
                                               E-mail: Piliero@pilierolaw.com

                                               *Attorneys for Plaintiff*